1

2

3

4

5

6                         **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

9    MICHAEL JOSEPH MULDER,                )
                                            )
10                    Petitioner,           )          3:09-CV-00610-PMP-RAM
                                            )
11   vs.                                    )
                                            )          **ORDER**
12   E.K. McDANIEL, *et al.*,               )
                                            )
13                    Respondents.          )
                                            )
14   _____/

15          In this action brought under 28 U.S.C. § 2254, petitioner, through counsel, has made a

16   motion for a stay pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), which

17   requires a court to stay capital habeas proceedings upon a showing that the petitioner is incompetent.

18   Docket ##18/19.  In response to that motion, respondents moved the court for permission to have

19   Mulder examined by their own mental health experts.  Docket #23.  In granting that motion, the

20   court allowed respondents 60 days to have their experts complete their examination of the petitioner

21   and set a deadline, subsequent to those examinations, for respond to Mulder's motion for a stay

22   under *Rohan*.  Docket #27.  Those examinations and the briefing on the motion for a stay have now

23   been completed.

24          Having considered all the relevant materials under submission, the court is unable to

25   conclude that Mulder is incompetent under *Rohan*.  Even so, Mulder has made a sufficient showing

26   to warrant an evidentiary hearing on the matter.  Recently, the Ninth Circuit supplied some guidance

on how a federal habeas court is to resolve whether a habeas petitioner is entitled to a competency

determination.  *See Nash v. Ryan*, 581 F.3d 1048, 1055-58 (9th Cir. 2009).  In essence, two

conditions must be present before this court is required to delve into the issue of a petitioner's

competence:  (1) petitioner's counsel must identify habeas claims that could benefit from

petitioner's ability to rationally communicate with counsel; and (2) the petitioner must demonstrate

"reasonable cause" to believe that he is incompetent.  *Id*.  Competence for *Rohan* purposes means

the petitioner has "the capacity to understand his position and to communicate rationally with

counsel."  *Rohan*, 334 F.3d at 819.  Factors relevant to the second prong include a history of mental

illness and treatment, a finding of prior insanity, memory problems, erratic behavior, variety and

quantity of medications, and attempts at suicide.  *Id.* at 1057.

With the motion to stay, Mulder's counsel contends that claims in the petition alleging

ineffective assistance of counsel are claims that would benefit from Mulder's ability to rationally

communicate with counsel.  Docket #18, p. 9.  In their opposition, respondents fail to squarely

address whether this is so and, instead, only assert that Mulder's counsel has failed to demonstrate

that Mulder lacks the capacity to assist counsel with these claims.  Docket #32, p. 12-13.  The *Nash*

opinion suggests that ineffective assistance claims are categorically claims that could potentially

benefit from rational communication with counsel.  *Nash*, 581 F.3d at 1056.  Thus, the first

condition necessary to compel a competency determination has been met.

As to the second prong of the *Nash* test, Mulder argues that he is incompetent under *Rohan*

due to the residual effects of a hemorrhagic stroke he suffered in his prison cell at Ely State Prison

on March 15, 2001.[1]  In support of the motion, Mulder's counsel has submitted the reports of a

psychiatrist, Julie Kessel, M.D., and a forensic psychologist, Jethro Toomer, Ph.D., both of whom

examined and evaluated Mulder at counsel's request in the latter part of 2009.  According to

---

[1]    In state post-conviction proceedings, the Nevada Supreme Court affirmed a lower court determination that Mulder was competent to assist counsel.  Docket #18, exhibit E.  In doing so, the state supreme court noted that two of the three mental health experts who testified at an evidentiary hearing found Mulder competent and that Mulder's behavior at the hearing was inconsistent with his claim of incompetence.

2

Kessel's report, Mulder's intracerebral hemorrhage (stroke) resulted in "marked impairment of his congitive ability, ability to form, store and retrieve memory, language and speech." *Id*., exhibit B, p. 10.  Toomer tested Mulder's IQ, obtaining a full scale score of 70, and explained in his report that Mulder's organic brain impairment resulted in numerous "intellectual and cognitive deficits." *Id.*, exhibit C, pp. 4, 7.  Both experts came to the conclusion that Mulder's mental impairments preclude him from assisting counsel in this proceeding.

In addition, Mulder's counsel has submitted a declaration describing his difficulties in communicating with Mulder.  Docket #18, exhibit I.  According to counsel, Mulder's expressive and receptive aphasia impede Mulder's ability to rationally communicate regarding subjects necessary to assist counsel with his habeas case.  *Id*., p. 4.

The foregoing evidence is comparable to that which the court in *Nash* found sufficient to warrant a competency determination.  *See Nash*, 581 F.3d at 1058 (finding the standard met based on a psychiatrist's diagnoses of a delusional disorder and opinion as to competency, together with counsel's declaration).  While the written reports from respondents' experts (two psychiatric evaluations) cast significant doubt on Mulder's claim of incompetence, they describe impairments that are in many ways consistent in nature with those noted by Mulder's experts, just not as severe in magnitude.  Docket #34 (under seal).  As such, the court will hold an evidentiary hearing to determine whether Mulder is competent to proceed with this habeas action.

In preparation for the evidentiary hearing, the court will hold a telephonic status conference on **Tuesday, February 1, 2011, at 2:30 p.m**., at which the following matters will be addressed:

> (1)   the scheduling of the evidentiary hearing;
>
> (2)   whether petitioner's presence is necessary at the hearing (or whether he may appear at the hearing by video, or other means);
>
> (3)   whether further briefing is necessary on any contested issue of law, including the appropriate standard to be applied in determining whether a stay is warranted pursuant to the *Rohan* case;
>
> (4)   the issues of fact to be contested at the hearing;

3

(5)     the witnesses to be called by each party at the hearing;

(6)     the documents or other physical evidence to be presented at the hearing;

(7)     any evidentiary issues either party anticipates raising with respect to the testimony, documents, or other evidence to be presented at the hearing; and

(8)     any other matter that either party wishes to address relative to the hearing.

Counsel shall confer regarding these matters, and shall in good faith attempt to reach agreement with respect to them, in advance of the telephonic status conference.

**IT IS THEREFORE ORDERED** that a telephonic status conference shall be held on **Tuesday, February 1, 2011**, at **2:30 p.m**.  Counsel shall be available at their respective numbers (Brian Abbington at (702) 388-6577 and Heather Procter at (775) 684-1271) ten minutes prior to the time set for the conference.  To make other arrangements, counsel shall contact Donna Andrews ((702) 464-5426).

**IT IS FURTHER ORDERED** that counsel shall confer with one another in advance of the status conference, and shall attempt to reach agreement regarding each of the matters to be addressed at the conference.

DATED:  January 11, 2011.

PHILIP M. PRO
United States District Judge

4