UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL JOSEPH MULDER, | ) | |
| | ) | |
| Petitioner, | ) | 3:09-CV-00610-PMP-WGC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On November 7, 2013, the petitioner in this capital habeas corpus action, Michael Mulder, filed a "Motion for Permission to Appeal," with respect to this court's orders of May 1, 2013 (ECF No. 92), and October 23, 2013 (ECF No. 108), which denied Mulder's request for a temporary stay pursuant to *Ryan v. Gonzales*, 133 S.Ct. 696 (2013). According to Mulder, this court abused its discretion by depriving him the opportunity to demonstrate that there is a reasonable likelihood he can be restored to competence in the foreseeable future. Mulder asks the court to amend its order of October 23, 2013, to include language that would allow for either an appeal under the collateral order doctrine or an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).                                                                I

Under 28 U.S.C. § 1292(b), the district court has the discretion to certify an order for interlocutory appeal when the court is of the opinion that the order "involves a controlling question of law, as to which there is substantial ground for difference of opinion, and that an immediate

appeal may materially advance the ultimate termination of the litigation." Section 1292(b) certification is a "narrow exception to the final judgment rule." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The certification "serves the dual purpose of ensuring that [appellate] review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals." *U.S. v. W.R. Grace*, 526 F.3d 499, 522 (9th Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463.74-75 (1978)). Section 1292(b) "is to be applied sparingly and only in exceptional cases, and . . . 'the controlling question of law' requirement [is to] be interpreted in such a way to implement this policy. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).

Here, the underlying issue – i.e., the likelihood Mulder will be restored to competence in the foreseeable future – is more an issue of fact subject to this court's discretion than it is a question of law, much less a "controlling" question of law. Moreover, it is far from clear that there is "substantial ground for difference of opinion" as to the court's interlocutory decision. *See Couch*, 611 F.3d at 633 (noting that just because an issue is one of first impression does not mean there is such a substantial difference of opinion as will support an interlocutory appeal). Aside from those concerns, this court is simply not convinced that allowing an interlocutory appeal may expedite the disposition of this case.

The Ninth Circuit has indicated that this requirement is met when resolution of the legal question "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig.*, 673 F.2d at 1027; Moore's Fed. Prac. – § 203.31[3] (noting that "[courts] look for a 'controlling' question that has the potential of substantially accelerating disposition of the litigation"). Mulder makes the confusing claim that an interlocutory appeal "could obviate the need for the parties to litigate, and the Court to adjudicate, the claims contained in the amended petition and the Ninth Circuit may determine such litigation to be null and void based on this Court's failure to allow [him] an opportunity to attempt to restore himself to competence prior to proceeding with the litigation of his habeas petition." ECF No. 106, p. 9. Presumably, what Mulder is suggesting is

that a reversal on appeal after final judgment could require this court to *re*-adjudicate the claims in his amended petition.

At this point, it is hard to conceive how an interlocutory appeal would materially advance the ultimate termination of the litigation. To begin with, the only claims implicated in the decision to deny Mulder a temporary stay are those that "could substantially benefit from the petitioner's assistance." *Gonzales*, 133 S.Ct. at 709. Generally, only claims that are unexhausted and not procedurally defaulted fit in that category. *Id*. Mulder's amended petition appears to contain unexhausted claims, but the determination as to whether those claims are procedurally defaulted has yet to be made. Moreover, an interlocutory appeal, even if successful, is likely to add litigation by requiring additional *Gonzales* inquiry. In short, the small chance that an interlocutory appeal might materially advance the termination of this case is insufficient to overcome the general disfavor of the procedure. As such, the court is not willing to amend its order of October 23, 2013, to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

As for Mulder's claim that the order denying him a temporary stay is appealable as a "collateral order," the court does not find that the order would be "effectively unreviewable on appeal from the final judgment in the underlying action." *See Swint v. Chambers County Commission*, 514 U.S. 35, 42 (1995) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). In *Thompson v. Frank*, 599 F.3d 1088 (9th Cir. 2010), the Ninth Circuit noted that an order *granting* a motion for stay and abeyance was reviewable on appeal after final judgment, 599 F.3d at 1090. Accordingly, the court in *Thompson* held that it did not have jurisdiction to review the order under the collateral order doctrine. *Id*.

Although the issue here is whether an order *denying* a motion for stay is reviewable on appeal after final judgment, the court in *Thompson* cited to *Olvera v. Giurbino*, 371 F.3d 569 (9th Cir. 2004), as one authority for its holding. In *Olvera*, the court of appeals reviewed, after final judgment, an order denying an exhaustion stay. 371 F.3d at 574. Also, while *Thompson* and *Olvera* involved exhaustion stays, Mulder has not demonstrated that the erroneous denial of a temporary stay under

1  *Gonzales* cannot also be fully remedied on appeal from the final judgment.  If anything, the passage
2  of time will clarify for the appellate court whether Mulder's condition is such that this court abused
3  its discretion by not granting a temporary stay.  Because the errors asserted by Mulder can be cured
4  on appeal after final judgment, an appeal under the collateral order doctrine is not appropriate.

5  **IT IS THEREFORE ORDERED** that petitioner's motion for permission to appeal (ECF
6  No. 109) is **DENIED**.

7  DATED: November 13, 2013

_____
UNITED STATES DISTRICT JUDGE