# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Michael J. Mulder,<br><br>Petitioner<br><br>v.<br><br>William Gittere, et al.,[1]<br><br>Respondents | Case No.: 3:09-cv-0610-JAD-WGC<br><br>**Order Granting Motion to Vacate Stay and Setting Deadlines**<br><br>ECF No. 159 |

This capital habeas corpus action was stayed on September 8, 2014, pending the petitioner's exhaustion of claims in state court.[2] On April 26, 2019, the petitioner, Michael J. Mulder, filed a motion to vacate the stay and reopen these proceedings.[3] In that motion, Mulder states that the state-court proceedings have concluded. Respondents do not object to re-opening the case.[4]

The court will grant Mulder's motion to vacate the stay and will set a schedule for further litigation of this action.

IT IS THEREFORE ORDERED that petitioner's Motion to Vacate Stay and Reopen Federal Habeas Corpus Proceedings **[ECF No. 159] is GRANTED. The stay of this action is lifted.**

---

[1] William Gittere is automatically substituted for E.K. McDaniel as the Warden of Ely State Prison and Aaron D. Ford is automatically substituted for Catherine Cortez Masto as the Nevada Attorney General. Fed. R. Civ. P. 25(d).

[2] ECF No. 142.

[3] ECF No. 159.

[4] ECF No. 161.

IT IS FURTHER ORDERED that the following schedule will govern the further litigation of this action:

1. **Amended Petition**. If necessary, petitioner will file and serve a second amended petition for writ of habeas corpus within 60 days after entry of this order. The second amended petition will specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition will state how, when, and where that occurred. If petitioner determines that a second amended petition need not be filed, then, within 60 days after entry of this order, petitioner will file and serve a statement to that effect.

2. **Response to Petition**. Respondents will have 60 days following service of the second amended petition to file and serve an answer or other response to the second amended petition. If petitioner does not file a second amended petition, respondents will have 60 days following the due-date for the second amended petition to file and serve an answer or other response to petitioner's first amended petition.[5]

3. **Reply and Response to Reply**. Petitioner will have 45 days following service of an answer to file and serve a reply. Respondents will then have 30 days following service of a reply to file and serve a response to the reply.

4. **Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner will have 60 days following service of the motion to file and serve a response to the motion. Respondents will then have 30 days following service of the response to file and serve a reply.

5. **Discovery**. If petitioner wishes to move for leave to conduct discovery, petitioner will file and serve such motion concurrently with, but separate from, the response to respondents'

---

[5] ECF No. 7.

motion to dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis.  Respondents must file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Petitioner will then have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

      6. **Evidentiary Hearing**.  If petitioner wishes to request an evidentiary hearing, petitioner must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature and denied without prejudice on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e); and it must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record.  If petitioner files a motion for an evidentiary hearing, respondents will file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Petitioner will then have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

Dated: May 2, 2019

_____
U.S. District Judge Jennifer A. Dorsey