**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Michael J. Mulder,

                Petitioner

    v.

Renee Baker, et al.,

                Respondents

Case No. 3:09-cv-00610-CDS-CSD

**Order Denying Petitioner's Motions for Discovery and Evidentiary Hearing and Granting Respondents' Motion for Extension of Time**

[ECF Nos. 226, 227, 243]

Before me in this habeas proceeding under 28 U.S.C. § 2254 are a motion for discovery (ECF No. 226) and a motion for evidentiary hearing (ECF No. 227) filed by the petitioner, Michael Mulder. Both motions are opposed by the respondents (ECF Nos. 244, 245), and Mulder has filed replies (ECF Nos. 249, 250). For reasons that follow, both motions are denied.

**I.      Motion for Discovery**

Mulder moves for leave to conduct discovery that would allow him to serve a subpoena duces tecum on the Clark County Special Public Defender ("CCSPD"). Among the items Mulder seeks are (1) "records detailing the number of cases handled by the office in the years 1996 through 1998, including the number of capital cases handled by the office during that time and the individual caseloads of each attorney and investigator who worked on Mr. Mulder's case" and (2) "redacted billing or time keeping records detailing how much time each attorney and investigator assigned to his case spent working on each of their cases during the relevant time period." ECF No. 226 at 7–8. According to Mulder, "these records are necessary to show trial counsel did not, and could not, dedicate sufficient time to [his] case to provide effective representation, and also that there were insufficient investigative resources at counsel's disposal, making it impossible for them to conduct even a cursory investigation." *Id.* (citation omitted). Mulder intends to use the material obtained from the CCSPD to support his ineffective assistance of counsel claims in Claim 3.

Good cause for discovery in a habeas proceeding exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are developed, be able to

1   demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–909 (1997)

2   (alteration in original) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The problem for Mulder

3   is that, for the reasons discussed above, I will not be able consider any new evidence he might

4   obtain with his requested discovery in assessing the merits of his claims. *See Shoop v. Twyford*, 596

5   U.S. 811, 820 (2022) ("A court ... must, consistent with AEDPA, determine at the outset whether

6   the new evidence sought could be lawfully considered.").[1] Mulder contends that § 2254(e)(2)

7   does not necessarily limit discovery, but I disagree. The Court in *Twyford* was clear that a federal

8   court must consider the limitations imposed by § 2254(e)(2) "before facilitating the development

9   of new evidence." *Id.* To do otherwise would "'prolong federal habeas proceedings with no

10  purpose,' which "in turn disturb[s] the State's significant interest in repose for concluded

11  litigation." *Id.* (internal quotation marks omitted). Concluding that Mulder has failed to establish

12  good cause, I deny his motion for discovery.

13  **II.      Motion for Evidentiary Hearing**

14          Mulder argues that I should hold an evidentiary hearing on his procedurally-defaulted

15  ineffective assistance of trial counsel claims—i.e, Claims Three(B), (D)–(E), (F)(2), Claim Five,

16  Claim Eight, and Claim Nine of his habeas petition. According to Mulder, the hearing would

17  allow him to prove his allegations of good cause and prejudice to excuse the defaults under

18  *Martinez v. Ryan*, 566 U.S. 1 (2012), as well as to develop the merits of the claims.

19          The availability of evidentiary hearings in habeas cases is limited by 28 U.S.C.

20  § 2254(e)(2). Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual

21  basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on

22  the claim" in only two circumstances, neither of which apply to in this case.[2] In *Shinn v. Ramirez*,

23  596 U.S. 366, 387 (2022), the Supreme Court held that the equitable rule announced in *Martinez*

24  does not permit a federal court to dispense with the limits imposed by 28 U.S.C. § 2254(e)(2)

25  "because a prisoner's state postconviction counsel negligently failed to develop the state-court

26

27  [1] AEDPA is the Antiterrorism and Effective Death Penalty Act, which includes § 2254(e)(2).

28  [2] The two circumstances are (1) when the claim relies on a "new" and "previously unavailable" "rule of
constitutional law" made retroactively applicable by this the Supreme Court or (2) when the claim relies
on "a factual predicate that could not have been previously discovered through the exercise of due
diligence." §§ 2254(e)(2)(A)(i), (ii).

record." *Ramirez*, 596 U.S. at 371. Thus, if a prisoner is "at fault" or "bears responsibility" for the undeveloped state court record, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id.* at 382. In rejecting petitioner's argument that the district court should nonetheless be permitted consider new evidence because "a so-called 'Martinez hearing' is not a 'hearing on the claim,'" the Court in *Ramirez* stated, that "if [§ 2254(e)(2)] applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*." *Ramirez*, 596 U.S. at 389 (internal citation omitted).

Mulder argues that § 2254(e)(2) does not foreclose an evidentiary hearing in this court because he did not fail to develop the factual bases for his claims in the Nevada courts. He concedes he did not develop the factual bases for the claims in his initial state habeas proceeding. He claims, however, that he did so proffering evidence in support of the claims with his second state post-conviction petition.

For the purposes § 2254(e)(2), failure to develop the factual basis of a claim is established if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000) (*Michael Williams*). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law*." *Id.* at 437 (emphasis added).

The Supreme Court of Nevada concluded that Mulder's second state post-conviction petition was procedurally barred because it was untimely filed under Nevada Revised Statute (NRS) 34.726, second and successive under NRS 34.810, and barred by laches under NRS 34.800. In rejecting Mulder's argument that ineffective assistance of post-conviction counsel provided good cause to excuse his failure to file a timely petition, the court recognized that ineffective assistance of post-conviction counsel can serve as good cause for capital habeas petitioners to file claims in a successive petition, but that those claims are subject to NRS 34.726 and "must be raised within a reasonable time after they become available." ECF No. 160-4 at 8–9. The court concluded that Mulder did not raise his claims within a reasonable time because he filed his

1    second post-conviction petition nearly 5 years after the conclusion of proceedings on his first

2    post-conviction petition. *Id.* at 9–10.

3           Mulder argues that nothing about *Ramirez* prohibits the federal court from considering

4    evidence presented in a second or second state post-conviction proceeding. I agree that, under the

5    procedures in some states or under certain circumstances, a petitioner could conceivably meet the

6    standard of diligence required by § 2254(e)(2) even though he did not develop the state court

7    record until his second post-conviction proceeding. In *Ramirez*, however, the Court noted that

8    "only rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not

9    previously present to the state courts in compliance with state procedural rules." *Ramirez*, 596

10   U.S. at 375–76. The Ninth Circuit has read this language to mean that "a failure to present

11   evidence to the state courts 'in compliance with state procedural rules' counts as a 'fail[ure] to

12   develop the factual basis of a claim in State court' [under] 28 U.S.C. § 2254(e)(2)." *McLaughlin v.*

13   *Oliver*, 95 F.4th 1239, 1249 (9th Cir. 2024) (internal citation omitted). Thus, the court in

14   *McLaughlin* held that the district court could not consider evidence the petitioner attempted to

15   present to the state court in support of a petition that the state court rejected as procedurally

16   barred. *Id.* In light of *McLaughlin*, I conclude that Mulder did not satisfy § 2254(e)(2)'s diligence

17   requirement by attempting to present evidence in support of his claims in his second state habeas

18   proceeding.

19          Mulder also argues that § 2254(e)(2)'s diligence provision does not apply because, as

20   noted above, Nevada law permitted him to use ineffective assistance of post-conviction counsel as

21   good cause to file a successive petition provided the petition was filed within a "reasonable time."

22   He contends that he cannot be faulted for bringing his petition too late because the Supreme

23   Court of Nevada did clarify the "reasonable time" requirement until more than two years after he

24   filed his second petition. He points to the decision in *Rippo v. State*, 368 P.3d 729 (Nev. 2016),

25   which set the deadline at one year from the conclusion of post-conviction proceedings in which

26   the ineffective assistance allegedly occurred. *See Rippo*, 368 P.3d at 739, *vacated on other grounds by*

27   *Rippo v. Baker*, 580 U.S. 285 (2017). This argument fails because, even before the guidance provided

28   by *Rippo*, Mulder could not have reasonably believed that the Nevada courts would excuse his

4

1   five-year delay in bringing a claim that he received ineffective assistance of counsel in his prior

2   post-conviction proceeding.[3]

3       In sum, allowing a petitioner to meet § 2254(e)(2)'s diligence requirement by submitting

4   evidence with a petition that is plainly barred by a state's procedural rules would render the

5   requirement a nullity. As a result, I reject Mulder's arguments that he did not fail to develop the

6   factual bases for his claims in state court proceedings. Mulder's failure to develop the factual

7   bases for his claims in state court bars me from holding an evidentiary hearing to support the

8   merits of his ineffective assistance of trial counsel claims.

9       While *Ramirez* plainly forecloses the use of evidence developed in a *Martinez* hearing to

10   assess the merits of a petitioner's underlying claim of ineffective assistance of trial counsel, the

11   case left open the possibility of allowing the federal court to hold an evidentiary hearing to

12   determine whether there is cause and prejudice, notwithstanding the limitations imposed by

13   § 2254(e)(2). *Ramirez*, 596 U.S. at 388–89 (noting that while there are "good reasons to doubt" the

14   proposition that *Martinez* hearings are not "hearing[s] on the claim" for § 2254(e)(2) purposes,

15   there was no need for the Court to address it). Here, it appears that at least some of the Mulder's

16   ineffective assistance of trial counsel claims rely primarily on evidence contained in the state court

17   record, thus do not necessarily depend on the presentation of "new evidence."[4] In the interest of

18   judicial economy, I decline, at this time, to hold a hearing just to determine whether state post-

19   conviction counsel was ineffective in failing to raise these record-based claims in Mulder's first

20   state habeas proceeding. I will, instead, assess the merits of these claims when I consider the

21   merits of Mulder's remaining non-defaulted claims, after which I will decide whether it is

22   necessary to hold a hearing.

23

24

25

26

27

28

---

[3] I am also not persuaded that Mulder's physical and cognitive impairments resulting from a stroke in 2001 provide a reason to excuse his five-year delay. Mulder's current counsel, the Federal Public Defender for Nevada, was appointed in 2009, prior to the conclusion of his first state post-conviction proceeding.
[4] For example, Claim 5 alleges that trial counsel was ineffective for failing to ensure the penalty jury received a verdict form that allowed them to find mitigating evidence outweighed the statutory aggravating circumstances. ECF No. 165 at 149.

**III.     Conclusion**

It is therefore ordered that Mulder's motion for discovery **[ECF No. 226]** and motion for evidentiary hearing **[ECF No. 227] are denied**.

It is further ordered that respondents' motion for extension of time **[ECF No. 243] is granted**, nunc pro tunc as of January 25, 2024.

Dated: September 4, 2024

_____
Cristina D. Silva
United States District Judge